## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SUNDOWN ENERGY, LP**

**CIVIL ACTION**

**VERSUS**

**NO. 10-4354**

**STEVEN HALLER, MARY TABONY MEYERS, SUSAN ALICE TABONY BECNEL, LAWRENCE M. TABONY, JR. and FLASH GAS AND OIL SOUTHWEST, INC.**

**SECTION "K"(3)**

## ORDER AND OPINION

Before the Court is the "Motion to Dismiss for Lack of Subject Matter Jurisdiction" filed on behalf of defendants Steven G. Haller and Flash Gas & Oil Southwest, Inc. (Doc. 59). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

Sundown Energy LP (Sundown), filed a "Complaint for Declaratory Judgment of Rights of Way and for Damages" alleging federal jurisdiction based on diversity of citizenship 28 U.S.C. §1332. Defendants Steven Haller and Flash Gas & Oil Southwest, Inc. (Flash) seek to dismiss the suit contending that amount in controversy does not meet the requisite jurisdictional amount.

## BACKGROUND

Sundown has an oil and gas production facility in the East Potash Field of the Bohemia Spillway in Placquemines Parish, Louisiana. Steven Haller owns a tract of land in Placquemines Parish which lies between Sundown's facility and Highway 39. Levee Leisure, Inc., a company owned by Steven Haller, has the rights to a surface lease on property overlapping and contiguous to the Haller property.

Flash, also owned by Steven Haller, leased from Mr. Haller, the Haller property and the

property subject to the surface lease from Levee Leisure. In October 2006, Flash entered into a two year lease with a two year renewal period, with Sundown which granted Sundown: 1) a right of way across the Haller property to a road built by Sundown which went to Sundown's production facility; 2) a right of way across the Haller property and surface lease in order to access a dock located on a canal; 3) a canal right of way to access the dock by water; and 4) the right to occupy the dock property.

Sundown contends that under the lease, the only land route to its facility is "regularly inundated with flood waters and remains totally impassable for weeks at a time, particularly in the Spring. As a result, Sundown is not able to access the Sundown Facility site or its lands." Doc. 1, ¶11. In an attempt to gain access to Louisiana Highway 39, a public road which provides access to its production facility, Sundown filed this suit against Steven Haller, Flash, and a number of other landowners who own property adjacent to the Haller property[1] seeking a declaratory judgment "recognizing and declaring rights of way over the Haller . . . lands to the nearest public road, namely Louisiana Highway 39." Additionally, Sundown seeks return of the $210,840.00 in rent paid to Flash based on the assertion that Flash never owned the dock lease.

Plaintiff invokes diversity jurisdiction pursuant to 28 U.S.C. §1332 as the sole basis for federal jurisdiction. In addition to requiring diversity of citizenship between or among the parties, §1332 mandates that "the matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs." Defendants contend that the amount in controversy does not satisfy the requisite jurisdictional amount. In urging that the amount in controversy is less than $75,000.00, defendants cite the fact that plaintiff "valued" the right of way at a maximum of $7,250.00 and assert that the

---

[1] The claims against the other landowners have been resolved.

2

quantum of the claim for return of the rents paid cannot be considered because the claim for return of rents fails as a matter of law.

ANALYSIS

The burden of establishing subject matter jurisdiction in the federal court rests on the party seeking to invoke it. *Hartford Insurance Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). It is well established that "the jurisdictional facts must be judged as of the time the complaint is filed...."  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir.1998). The sum claimed in good faith by the plaintiff controls unless it appears to a "legal certainty" that the plaintiff cannot possibly recover the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Defendants, who declined to stipulate that the amount in controversy is less than $75,000.00, value the right of passage at $7,250.00 based on plaintiff's "Response to Interrogatory No. 24" coupled with plaintiff's allegation that "[t]he least injurious point to [Louisiana Highway 39] from the enclosed estate is . . . roughly 1000 feet northeast of the Flooded Road."  Doc. 1, ¶ 25 Interrogatory No. 24 asked Sundown to "[p]lease identify the value you assess to the right of way you seek from Flash and Mr. Haller." Doc. 58-5, p. 18.  Sundown responded in pertinent part that "[a]s to the right of way over the lands of Haller, the value is no more than $7.25 per foot of crossing."

The Court requested supplemental briefing on the "plaintiff-view point" rule which is described as follows:

> In the majority of cases, the particular relief sought by the plaintiff –
> typically compensatory damages– will be exactly the same as the

> liability imposed on the defendant if the action is successful. It is sometimes the case, however, notably in suits for an injunction, or to abate a nuisance, or for other forms of specific relief, that the benefit of the action to the plaintiff will have a different value than the burden imposed on the defendant should relief be granted.

Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d §3703. The Fifth Circuit has recognized that in suits for declaratory relief "the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 765 F.2d 727, 729 (5th Cir. 1983). "To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be protected." *Id.* "This is commonly known as the plaintiff-viewpoint rule. The Fifth Circuit has consistently followed the plaintiff-viewpoint rule to determine the amount in controversy." *A-Best Sewer & Drain Service, Inc. v. A. Corp.*, 2005 WL 1038419 at *2 (E.D. La. April 22, 2005) citing *Garcia v. Koch Oil Co.*, 351 F.3d 636, 640 n. 5 (5th Cir. 2003), *Puckett Mach. Co., Inc. v. United Rentals*, 342 F. Supp. 2d 610, 614 (S.D. Ms. 2004).

The Court applies the plaintiff-viewpoint rule in analyzing whether the amount in controversy in plaintiff's claim for declaratory relief satisfies the jurisdictional amount requirement of §1332. The object of plaintiff's suit for declaratory relief is the right of passage across the original defendants' property "to the nearest public road, namely, Louisiana Highway 39." Defendants' approach to valuing the right of passage, which relies on plaintiff's response to Interrogatory No. 24, is too limited. It focuses on only a portion of the value of the right of passage, i.e., the value of right of passage received from Flash and Mr. Haller. It does not include the value of the right of passage to be received from the other defendants nor does it take into account the total value of the right of access to the production facility. The total value to Sundown

of the right of access to its production facility is far greater than the value of the right of access for the Haller property. See *Louisville & N.R. Co. v. Smith*, 128 F.1, 5 (5th Cir. 1904). Moreover, defendant's approach overlooks the value to Sundown of not having to continue to incur considerable expenses to repair the "Flooded Road" to maintain the right of access. Plaintiff has submitted documentation reflecting repair expenses for the "Flooded Road" totaling more than twenty (20) times the $75,000.00 amount in controversy requirement. Additionally, obtaining the sought after right of passage will undoubtedly facilitate Sundown's production operation and protect plaintiff from any injury resulting from the alleged inadequate access currently provided under the lease. For the foregoing reasons, the Court concludes that the amount in controversy exceeded $75,000.00 at the time plaintiff filed the complaint. Having concluded that the amount in controversy for the claim for declaratory relief exceeds $75,000.00 exclusive of interest and costs, the Court need not address the parties' contentions with respect to whether the amount in controversy on claim for return of rents paid to Flash can be considered in determining subject matter jurisdiction. Accordingly,

**IT IS ORDERED** that defendants' "Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED .

New Orleans, Louisiana, this 18th day of October, 2011.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

5