UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUNDOWN ENERGY, L.P.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4354** |
| **STEVEN G. HALLER, ET AL.** | **SECTION "K" (3)** |

**ORDER**

On October 11, 2011, the Court held a discovery status conference during which it discussed, *inter alia*, Sundown's Motion to Compel [Doc. #78] and defendants' Motion to Compel Plaintiff's Responses to Written Discovery and *Subpoena Duces Tecum* [Doc. #80].  Present were Carl Rosenblum and Lauren Mastio on behalf of plaintiff and Thomas McEachin and Ellie Schilling on behalf of defendants.  After the conference, the Court took the motions under advisement.  Having reviewed the motions, the oppositions, the case law, the parties' oral argument, and having discussed the motions with the District Court, the Court rules as follows.

**I.      Background**

Defendant, Steven G. Haller, owns a certain tract of land in southeast Plaquemines Parish on the east bank of the Mississippi River ("Haller Property").  The Haller Property lies between an oil and gas production facility – currently operated by Sundown Energy, L.P. ("Sundown") – and Highway 39.  Levee Leisure, Inc. ("Levee Leisure"), a company owned by Haller, has the rights to a surface lease ("Surface Lease") on property contiguous to the Haller Property.  The Surface Lease

also overlaps portions of the Haller Property.  Defendant, Flash Gas & Oil Southwest, Inc. ("Flash"), leases the Haller Property from Haller and the Surface Lease from Levee Leisure.[1]

Before Haller, for over fifty years, Exxon and Chevron (and their predecessor companies) owned the Haller Property and the Surface Lease.  Exxon/Chevron constructed several improvements on the Haller Property and Surface Lease, including a boat launch and bulkhead ("Dock Property").  Exxon/Chevron possessed the Dock Property and improvements constructed thereon as the owner since at least 1975.  Defendants acquired the Dock Property and all of the improvements when they acquired the Haller Property and Surface Lease in the 1990s.  Since acquiring the Haller Property and Surface Lease, defendants, like their predecessors, have possessed the Dock Property and improvements constructed thereon as the owner.

In October 2006, Flash, as authorized by Haller, entered a two-year lease (with an additional two-year option) with Sundown ("Lease Agreement").  The Lease Agreement granted Sundown: (1) a right of way across the Haller Property to a road built by Sundown; (2) a right of way across the Haller Property and Surface Lease to access the Dock Property; (3) a canal right of way to access the Dock Property by water; and (4) the right to occupy the Dock Property.  Sundown possessed the Dock Property and used the rights of way granted by the Lease Agreement without disturbance from 2006 until 2010.  Flash declined to renew the Lease Agreement in 2010.  Sundown has allegedly continued to use the Dock Property and rights of way subject to the Lease Agreement without payment and without authorization, since it expired.

Sundown sued defendants, demanding a right of passage across the Haller Property and Surface Lease along a different route than the one that Sundown currently uses to access its facility.

---

[1]       The Court refers to Haller and Flash collectively as "defendants."

2

Sundown also demands return of the rental payments that Sundown paid to Flash under the Lease Agreement, which it values at $210,840.00.

## II.     Law and Analysis

With regard to *both motions to compel*, the crux of the dispute between the parties is the scope of the District Court's earlier order in which it denied defendants' motion for partial dismissal and granted in part and denied in part plaintiff's motion for partial summary judgment. [Doc. #44]. It is undisputed that after the District Court's rulings, two issues that remain are the location of the right of passage and the amount of damages.  Sundown basically contends that any discovery with regard to property outside of the Haller Property is irrelevant and non-responsive.  Defendants argue that because the District Court has not yet determined the location of the right of passage, discovery is not so limited.

This is a discovery dispute governed by Federal Rule of Civil Procedure 26(b)(1) which provides in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  The Fifth Circuit has stated that relevance, for purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence.  *Crosby v. La. Health and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).  Succinctly stated:

> Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). "Relevancy is broadly construed, and a request for discovery

should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)(quoting *Scott v. Leavenworth Unified School Dist.*, No. 453, 190 F.R.D. 583, 585 (D. Kan. 1999)). Unless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed. *Id.*

*Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005).

Having reviewed the transcript of the oral hearing before the District Court [Doc. #55] and having spoken with the District Court regarding the scope of its ruling, the Court can not find that discovery is as limited as Sundown contends. The District Court has not limited discovery here to the Haller Property only. Accordingly, defendants' responses to Sundown's discovery requests that refer to property outside of the Haller Property are proper.[2] Conversely, any objection by Sundown to defendants' discovery requests and any limitation to such requests "to the extent that it [the discovery request] references any portion of land other than the Haller Tract" are improper. Accordingly, Sundown shall supplement its responses and respond fully to Request for Admission Nos. 1, 2, 3, 4, 5, 6, 7, 10 and 11, Interrogatory Nos. 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20, and Request Nos. 16, 17, 22, 23, 30, 31, 32, 33, 34, 35, 36, 37 and 38 in the subpoena duces tecum.

Specifically with regard to *plaintiff's motion to compel*:

With regard to whether defendants must specify documents rather than refer Sundown generally to the documents produced in this matter and whether defendants must state one way or another whether responsive documents exist, the motion is moot.

Sundown contends that with respect to certain requests, defendants must provide substantive answers rather than referring Sundown to pleadings or other documents generally. Specifically,

---

[2]     Specifically, Sundown refers to Interrogatory No. 10 and Request for Admission No. 9.

Sundown points to Haller's responses to Interrogatory Nos. 1, 2, 4, 5, 16 and 21 and Flash's responses to Interrogatory Nos. 2, 3, 4, 9, 11 and 13.  The Court has reviewed Flash's and Haller's responses to these interrogatories and finds them sufficient.  Accordingly, the motion is denied in this regard.

With respect to defendants' responses that reference attachments to documents, Sundown contends that defendants must direct them to the attachments.  Defendants aver that they have produced all of the documents in their possession.  The Court can not order defendants to produce what they do not have.  The motion is thus denied in this regard.

Sundown further argues that defendants must provide it with the address and telephone numbers of the individuals identified in their responses.  To the extent that they know the addresses and telephone numbers, defendants have provided them.  Federal Rule of Civil Procedure 26(a)(1) only requires a party to disclose "the name and, *if known*, the address and telephone number of each individual likely to have discoverable information."  Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).  Defendants have done so.  The motion is denied as to this dispute.

With regard to Interrogatory No. 4, the motion is moot.

With regard to Interrogatory No. 6, the motion is moot.

With regard to the argument that defendants must identify the names of the "other individuals" to which they refer in their responses, the motion is denied.  Defendants have identified 13 specific individuals, and, simply because they respond that "likely hundreds of other individuals" have knowledge of defendants' use of the property and have visited the property does not require defendants to identify every individual who has, for example, visited the property in the approximately 20-year period that Haller has owned it.

5

With regard to Interrogatory No. 5, the motion is denied as the interrogatory is entirely overbroad.

With regard to Interrogatory No. 12, the motion is moot.

In all other respects not explicitly discussed here, the motion is denied.

Now, specifically with regard to *defendants' motion to compel*:

With regard to whether Sundown must produce its electronic documents in electronic format, the motion is granted.  The Federal Rules of Civil Procedure provide that a " subpoena may specify the form or forms in which electronically stored information is to be produced."  Fed. R. Civ. P. 45(a)(1)(C).  Here, defendants specified the format – "native format" – and Sundown failed to produce the documents in such format.

Because the Court orders Sundown to produce its electronic documents in native format, Sundown asks the Court to order defendants to bear the cost of production.  "[W]hether production of documents is unduly burdensome or expensive turns primarily on whether it is kept in an accessible or inaccessible format (a distinction that corresponds closely to the expense of production)." *Zubulake v. UBS Warburg, L.L.C.*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003). "Whether electronic data is accessible or inaccessible turns largely on the media on which it is stored." *Id.* Sundown has failed to meet its burden to demonstrate that the electronic documents here are inaccessible.  Sundown argues only that production of the documents in electronic format will be unduly burdensome because it will be costly.   Sundown fails to address how the electronic documents are stored.  There is no evidence before the Court to determine whether the electronic documents are inaccessible.  Accordingly, this request is denied.

 With  regard to the Tabony settlement documents, the motion is granted.  At the discovery

conference, the Court ordered Sundown to produce the Tabony settlement documents for *in camera* review.  Sundown did so.  Sundown argues that the settlement documents are confidential and irrelevant.  Simply because a settlement is confidential, however, does not mean that it is not discoverable:  "The only relevant exception to the scope of discovery rule is when the material to be discovered is covered by a privilege.  Such is not the case here. While the plaintiff and G & B Marine claim that the settlement is confidential they can cite this Court to no law which makes this material in any way privileged or not subject to discovery." *Glaze v. G&B Marine, Inc.*, Civ. A. No. 95-1845, 1997 WL 20738 (E.D. La. Jan. 16, 1997) (Fallon, J.) (citations omitted).

With regard to relevancy, defendants argue that Sundown represented to the District Court that it has the right to cross all of the property between Highway 39 and the Sundown facility (other than defendants' property), including the property of the Tabonys. Therefore, defendants assert that the Tabony settlement documents are highly relevant to Sundown's contention that the proposed route is feasible and practicable. In addition, defendants contend that the amount that Sundown paid the Tabonys for a similar right of way is relevant to the amount of indemnity owed to defendants. The Court's review of the documents reveals that they may lead to the discovery of admissible evidence as to these issues.  Accordingly, the Court orders production of the settlement but, to be safe, the Court orders their production under seal.

With regard to Request for Admission Nos. 8 and 9 and Interrogatory No. 21, the motion is granted.

In all other respects, the motion is denied.

## III.   Conclusion

With respect to both parties' requests for attorneys' fees and costs, the Court has denied the

motions.  The Court finds that many of the minor disputes in the motions should have been resolved amicably by the parties.  Much of the substance of the motions was unnecessary and reflects merely contentious and litigious behavior that the Court will not reward with an award of fees and costs.

Accordingly, for the reasons outlined above,

**IT IS ORDERED** that Sundown's Motion to Compel [Doc. #78] and defendants' Motion to Compel Plaintiff's Responses to Written Discovery and *Subpoena Duces Tecum* [Doc. #80] are GRANTED IN PART, DENIED IN PART, and DISMISSED AS MOOT IN PART.

New Orleans, Louisiana, this 26th day of October, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**