UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUNDOWN ENERGY, LP                                     CIVIL ACTION

VERSUS                                                 NO. 10-4354

STEVEN G. HALLER, MARY ANN                             SECTION "K"(3)
TABONY MEYERS, SUSAN ALICE
TABONY BECNEL, LAWRENCE M.
TABONY, JR. and FLASH GAS & OIL
SOUTHWEST, INC.

**ORDER AND OPINION**

Before the Court are the "Motion for Partial Summary Judgment" filed on behalf of defendants Steven G. Haller and Flash Gas & Oil Southwest, Inc.( "Flash")(Doc. 139) and the "Motion in Limine" filed on behalf of plaintiff Sundown Energy, LP ("Sundown") (Doc. 137). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies both motions.

Background

Sundown has an oil and gas production facility in the East Potash Field of the Bohemia Spillway in Placquemines Parish, Louisiana. Steven Haller owns one of several tracts of land in Placquemines Parish which lie between Sundown's facility and Louisiana Highway 39. Levee Leisure, Inc., owned by Steven Haller, has the rights to a surface lease on property overlapping and contiguous to the Haller property.

Flash, also owned by Steven Haller, leased from Mr. Haller, the Haller property. Additionally, Flash leased from Levee Leisure the property subject to the surface lease. Beginning in October 2006, Flash entered into a two year lease which included a two year renewal period.

That lease granted Sundown, among other things, a right of way across the Haller property to a road built by Sundown which provided access to Sundown's production facility. That lease and the right of passage expired in 2010. Sundown, after concluding that the only land route to its facility is "regularly inundated with flood waters and remains totally impassable for weeks at a time . . .," filed suit against Steven Haller, Flash, and a number of other landowners[1] who own property down river from and adjacent to the Haller property. the suit seeks a declaratory judgment "recognizing and declaring rights of way over the Haller . . . lands to the nearest public road, namely Louisiana Highway 39" as well as other relief not relevant to this motion.

The Court has previously concluded that "Sundown is a mineral lessee and has standing " to pursue this matter. Doc. 55. p. 110. Additionally, the Court held that "the estate is enclosed and Sundown will eventually have a right of passage by virtue of Article 689." [2] *Id.* Following discovery, each party proposed a specific route which it believes should constitute the right of way.

Defendants have filed a motion for partial summary judgment seeking an order that Sundown's right of way be located along the roadway previously used by Sundown to reach its facility and referred to as either the "Sundown Road" or the "Flooded Road." Plaintiff, on the other hand opposes that route as the right of way and suggested that the right of way be the road referred to by the parties as the "Proposed Road" or "High Road." That route is an access road located

---

[1] The claims against the adjacent landowners have now been resolved; Sundown has obtained rights of passage over those tracts of land.

[2] Article 689 of the Louisiana Civil Code provides, in pertinent part, that "[t]he owner of an enclosed estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road."

2

approximately 1000 feet northeast of the Flooded Road. See Doc. 140, Ex. A.

Motion in Limine

In connection with the motion for partial summary judgment, plaintiff has filed a motion in limine asking the Court to "(1) adjudicate the location of the right of passage limited to the Haller Tract and (2) exclude certain irrelevant evidence related to property downriver from the Haller Tract." Doc. 137, p. 1. Sundown notes that except for Mr. Haller, all of the landowners owning property between Sundown's facility and Louisiana Highway 39 have either granted Sundown permission to cross their lands or have not objected to doing so. Based on the express or implied consent of those landowners, Sundown urges that its estate does not become "enclosed" until the downriver boundary of the Haller Tract. Sundown therefore urges that the Court need only determine the location of the right of way across the Haller Tract and should exclude evidence related to the property downriver from the Haller Tract.

In support of its position Sundown relies on *Bailey v. McNeely*, 918 So.2d 1124 (La. App. 3rd Cir. 2005). In *Bailey* the plaintiff filed suit against certain neighbors for a servitude of passage to provide access to his enclosed property. As to one non-defendant, neighboring property owner, the plaintiff had obtained a written servitude of passage for the portion of the access road that connected to the defendants' property. The trial court concluded that plaintiff's property was indeed enclosed and granted plaintiff a right of passage over the defendants' property. Thereafter, the parties appealed. On appeal, defendants asserted, among other things, that the trial court erred in failing to dismiss the action because plaintiff failed "to join all of the landowners over whose property the servitude would have to cross in order to connect to the nearest public road." *Id.* at 1130. The appeals court affirmed the district court holding that because "[p]laintiffs already have

3

a written servitude of passage from another property owner . . . for that portion of the access road that connects to Defendant's property" . . . "it would have been pointless for Plaintiffs to have named [that] party to the instant litigation." *Id.* The court further opined that "[s]ince the servitude of passage granted by the trial court need not burden the property of landowners who were not a party to the lawsuit, we find that the trial court was correct in not dismissing Plaintiff's action for their failure to name additional party defendants." *Bailey* is not dispositive in this case on the issue of whether in designating the right of way the Court is limited to deliniating the right of way only to the extent it crosses the Haller Tract and whether the Court may order the right of way to cross the property of the adjoining, consenting landowners. This Court does not interpret *Bailey* to mandate that the Court limit its determination of the appropriate route for the right of passage to only that portion of the property between the enclosed estate and the closest public road over which the party seeking the right of passage does not have consent to cross. In other words, in determining the appropriate route, the Court may consider the property belonging to the defendant as well as downriver properties for which Sundown has obtained either explicit or implied consent to cross. In the *Bailey* reasoning cited above, the court focused on which landowners needed to be joined as defendant and not on whether the estate of the non-defendant landowner who had granted plaintiff a written servitude, could be burdened with the right of passage. The *Bailey* court did not discuss whether the servitude could burden the estate of a landowner who consented to the right of passage. Therefore, the motion is denied.

Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the

4

movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F. 3d 851,857 (5th Cir. 2010).

Law and Analysis

Article 692 of the Louisiana Civil Code recognizes that the right of passage owed to the owner of an enclosed estate "generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands." However, it is well established that there are exceptions to the general rule of Article 692 and that the "nature and location of the servitude are governed by the circumstances of the case." *Rieger v. Norwood*, 401 So.2d 1272, 1273 (La. App. 1st Cir. 1981), citing *Rockholt v. Keaty*, 237 So.2d 633 (La. 1970). To put it another way, "[a]s recognized by the legislature in its use of the word 'generally' in article 692, there are situations that allow the servitude of passage to be imposed on an estate that does not provide the shortest route." *Davis v. Culpepper*, 794 So.2d 68, 71 (La. App. 2nd Cir. 2001). In discussing the effect of the use of the word "generally" in article 692, Professor A. N. Yiannopoulis has written:

> In principle, courts will fix the right of way along the shortest route. Courts are not bound to follow the shortest route, but departure from this standard must be supported by weighty considerations.
>
> The court may grant a longer and more circuitous right of way than that desired by the owner of the enclosed estate in order to minimize any damage to the servient estate, for example, in order to avoid traversing walls or other constructions. Further, the court may grant a longer and less direct right of way than one offered by the owner of the servient estate if the shorter and more direct route involves excessive construction costs or is otherwise impracticable.

A.N. Yiannopoulos, *Predial Servitudes*, 3d ed. 2004 (4 Louisiana Civ. L. Treatise). §97 (footnotes omitted).

Considering the Court's conclusion stated herein above that in determining the right of passage, the lands downriver of the Haller Tract are properly considered, the Court finds that there

6

are genuine issues of material fact which preclude granting plaintiff's motion for partial summary judgment. Using the Sundown Road, it is 4,370 feet from Louisiana Highway 39 to the Sundown facility, while along the Proposed Road it is 5,475 feet from Louisiana Highway 39 to the Sundown facility. Thus, it appears clear that the Sundown Road, proposed by defendants, offers the shortest route. However, there are well-founded concerns regarding flooding of the relevant area. With respect to the Sundown Road, Haller offered competent summary judgment evidence stating that there has never been a washout on the section of the Sundown Road from Highway 39 to the spillway. Doc. 139, Ex. D, Deposition of Lawrence Thompson, p. 200-201. Sundown also offered evidence that during the floods of 2011, the Proposed Route was completely covered in water and had several washouts. Doc. 139, Ex. E, Deposition of Sundown, p. 106-109. There was also evidence that prior to the 2011 flooding there were two washouts on the Proposed Route. Doc. 139, Ex. A, Ex. A-11, A-14, and A-15. Millard Ciaccio also testified concerning washouts on the Proposed Route. Doc. 139, Ex. G, Deposition of Millard Ciaccio, p. 20, 104. However, in contrast to defendants' evidence, Sundown offered competent summary judgment evidence that the "Flooded [Sundown] Road . . .is regularly inundated with flood waters and remains totally impassable for weeks at a time . . .." Doc. 140, Ex. F, Declaration of Robin D. McGuire, ¶10. Mr. McGuire also declared that the High Road "is not susceptible to regular flooding and is passable for vehicular traffic year round." *Id.* at ¶13. The contradictory cited evidence demonstrates that there is a genuine issue of material fact with respect to which proposed site floods less and would therefore be more practicable. The presence of those genuine issues of material fact preclude granting plaintiff's motion for partial summary judgment

Defendants propose that the Court adopt as an alternative to the Sundown Road the "Alternate Route" which they describe as the route traversed by the parties and the Court during the December 15, 2011 site inspection. Defendants describe that route as running along an old levee and being located between the Sundown Road and the Proposed Route. See Doc. 139, Ex. N, Plat of Alternate Route. Although defendants suggest this route, they fail to provide specific, competent summary judgment evidence entitling them to partial summary judgment ordering adoption of the Alternate Route as the right of way. i.e., specifics as to why the alternative route is the "least injurious route."

It may well be significant that Sundown failed to provide any arguments specifically directed to defendants' proposal of the Alternate Route other than to state that on there is a genuine issue of material fact as to whether the "alternate" route offered by defendants would flood even less, be more practicable, and be less injurious to the subservient estate that either the Sundown Road or the High Road. It should be noted however, that the Court has undertaken a thorough site inspection of all suggested routes and has observed the proximity of the High Road to the Haller facilities. The Court is not inclined to allow the right of way to be placed in close proximity to the Haller facilities as it would be extremely disruptive of the use of those facilities by Mr. Haller and his family. Accordingly, for the reasons stated the motion for partial summary judgment is Denied.

New Orleans, Louisiana, this 16th day of February, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE