UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUNDOWN ENERGY, LP | CIVIL ACTION |
| VERSUS | NO. 10-4354 |
| STEVEN G. HALLER, MARY ANN TABONY MEYERS, SUSAN ALICE TABONY BECNEL, LAWRENCE M. TABONY, JR. and FLASH GAS & OIL SOUTHWEST, INC. | SECTION "K"(3) |

**ORDER AND OPINION**

Before the Court is the "Rule 41(a)(2) Motion to Dismiss Counterclaim Without Prejudice" filed on behalf of defendants and plaintiffs-in-counterclaim Steven G. Haller and Flash Gas & Oil Southwest, Inc. ("Flash") (Doc. 166). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion on the condition that the dismissal be with prejudice.

BACKGROUND

Sundown has an oil and gas production facility in the East Potash Field of the Bohemia Spillway in Placquemines Parish, Louisiana. Steven Haller owns one of several tracts of land in Placquemines Parish which lie between Sundown's facility and Louisiana Highway 39. Levee Leisure, Inc., owned by Steven Haller, has the rights to a surface lease on property overlapping and contiguous to the Haller property.

Flash, also owned by Steven Haller, leased from Mr. Haller, the Haller property. Additionally, Flash leased from Levee Leisure the property subject to the surface lease. Beginning in October 2006, Flash entered into a two year lease which included a two year renewal period.

That lease granted Sundown, among other things, a right of way across the Haller property to a road built by Sundown which provided access to Sundown's production facility. That lease and the right of passage expired in 2010.  Sundown, after concluding that the only land route to its facility is "regularly inundated with flood waters and remains totally impassable for weeks at a time . . .," filed suit against Steven Haller, Flash, and a number of other landowners[1] who own property down river from and adjacent to the Haller property.  the suit seeks a declaratory judgment "recognizing and declaring rights of way over the Haller . . . lands to the nearest public road, namely Louisiana Highway 39" as well as other relief not relevant to this motion.

Defendants Steven Haller and Flash filed a counterclaim against Sundown alleging that since the lease referenced in Sundown's complaint and first amended complaint expired in September 2010, Sundown had trespassed on property possessed by Haller and Flash or alternatively alleged that if the Court determines that the lease agreement did not expire that Haller and Flash are entitled to lease payments for Sundown's continued use of certain property and rights of way.

The trial of this matter is scheduled for March 5, 2012.  After the Court conducted the pretrial conference and less than two weeks prior to the scheduled pretrial conference, Mr. Haller and Flash filed this motion seeking dismissal of their counterclaim, without prejudice.  Sundown opposes the dismissal without prejudice asserting that such a dismissal would substantially prejudice it.

## LAW AND ANALYSIS

Rule 41(a)(2) of the Federal Rules of Civil Procedure vest the district court with discretion

---

[1] The claims against the adjacent landowners have now been resolved; Sundown has obtained rights of passage over those tracts of land.

2

to dismiss a plaintiff's claim without prejudice. 9 C. Wright & A. Miller, *Federal Practice and Procedure,* §2364 at 458 (2008). "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elebor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "The primary purpose of Rule 42(a)(12) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (internal quotation and citation omitted).

> The initial inquiry in analyzing a Rule 41(a)(2) motion is:
>
>> whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant grant the motion. If the district court concludes that granting of the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice.

*Id.* at 317-318. It is well established that "[t]he gain of a tactical advantage for the movants or the prospect of a second lawsuit do not constitute plain legal prejudice." *In the Complaint of TUG ROBERT J. BOUCHARD, INC.*, 2005 WL 2692655 *2 (E.D. La. June 30, 2008 (Vance, J.), citing *Phillips Illinois Central Gulf R.R.*, 874 F.2d 984, 986 (5th Cir. 1989), *Ikospentakis v. Thallasic Steamship Agency*, 915 F.2d 176, 177-78 (5th Cir. 1990). It is also well established that "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Hartford Accident & Indemnity Company v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 2009).

As noted previously, defendants made no attempt to voluntarily dismiss this claim until less than two weeks prior to the scheduled trial in this matter. Moreover, it is clear that the counterclaim is now ripe for adjudication. Plaintiff's counsel has represented that significant human and

financial resources have been expended in preparing to litigate defendants' counterclaim, and the Court credits that representation.  Given the time and efforts expended by plaintiff in defending itself against defendant's counterclaim, the Court concludes that dismissing defendants' counterclaim without prejudice would cause Sundown to sustain plain legal prejudice other than the prospect of another trial.  This conclusion is reinforced by defense counsel's admission that the counterclaims do not have significant value.  Therefore, the Court declines to dismiss the counterclaim without prejudice.

However, exercising the discretion given to it in Rule 41(a)(2), the Court advises Mr. Haller and Flash that it will grant a dismissal of the counterclaim on the condition that the dismissal be with prejudice.  Therefore, not later than March 1, 2012, at 12:00 p.m. counsel for Mr. Haller and Flash shall notify the Court whether they choose to accept the dismissal of the counterclaim with prejudice or whether they will proceed with the trial of the counterclaim on March 5, 2012.

New Orleans, Louisiana, this 28th day of February, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE