UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUNDOWN ENERGY, LP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4354** |
| **STEVEN G. HALLER, MARY ANN TABONY MEYERS, SUSAN ALICE TABONY BECNEL, LAWRENCE M. TABONY, JR. and FLASH GAS & OIL SOUTHWEST, INC.** | **SECTION "K"(3)** |

### ORDER AND OPINION

Before the Court is the "Motion in Limine" filed on behalf of defendants Steven G. Haller and Flash Gas & Oil Southwest, Inc. (Doc. 165). Defendants seek to exclude evidence and testimony concerning: "(1) the boundaries of Claimant Group Tract 001 ('Tract'); (2) a right of way owed to Plaintiff, Sundown Energy, L.P. ("Sundown") or Perry Point, Inc. ('Perry Point') to access Tract 1; and (3) the validity of the 1939 Surface Lease." Doc. 165, p. 1. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motion in part and grants it in part.

Boundaries of Tract 1

With respect to the boundaries of Tract 1, defendants urge that plaintiff raised the issue with respect to the boundaries of this tract too late in the litigation to be considered and also state that this issue is the subject of a pending suit in state court. Plaintiff asserts that evidence and testimony concerning the boundaries of Tract 1 are relevant "to determine the right of passage owed by Mr. Haller and to determine the validity of the 2006 Flash/Sundown Lease." Doc. 178, p. 10.

The boundaries of Tract 1 are the subject of a pending state court proceeding, and that issue

is not before this Court. Because evidence and testimony concerning the boundaries of Tract 1 are not relevant to the issues in this litigation, the Court grants defendants' motion to the extent that it seeks to exclude evidence and testimony relevant to the boundaries of Tract 1.

## Right of Way to Access Tract 1

Defendants move to exclude any evidence regarding a right of way access over Tract 1 contending that it is irrelevant because Sundown has never pleaded that it is entitled to such a right of way. In opposing to the motion in limine, Sundown offers no basis to admit evidence related to a right of way to access Tract 1. Rather, Sundown represented that it "does **not** seek a right of passage over Tract 1" and urged that the Count "should not adjudicate a right of passage over Tract 1." Doc. 178, p. 11. Because Sundown has not urged any evidentiary basis for admitting evidence related to a right of way to access Tract 1, the Court grants defendants' motion in limine to the extent that it seeks to exclude evidence and testimony concerning such a right of way. The Court notes however, that because determination of the right of way across the Haller Tract is influenced by the suitability of Tract 1 for the continuation of the road, the Court will allow the introduction of evidence and testimony concerning the suitability of Tract 1 for continuation of the road.

## Validity of the 1939 Surface Lease

Defendants also move to exclude any evidence or testimony related to the validity of the 1939 Surface Lease contending that such evidence is not relevant to Sundown's claim for a right of way. Sundown urges that the "Humble Surface Lease is relevant to Flash's breach of contract claim and possibly the trespass claim." Considering the recent dismissal with prejudice of defendants' counterclaim alleging claims for trespass and breach of contract (Doc. 182), the Court concludes that evidence of the validity of the 1939 surface lease is not relevant to the remaining claim and

consequently is inadmissible under Federal Rule of Evidence 401. Therefore, the Court grants defendants' motion in limine to the extent that it seeks to exclude evidence and testimony concerning the validity of the 1939 surface lease. However, the Court will permit the introduction of evidence and testimony concerning the historic use of the property subject to the 1939 surface use as such evidence is relevant to the issue of the location of Sundown's right of way.

New Orleans, Louisiana, this 29th day of February, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE