# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUNDOWN ENERGY, LP | CIVIL ACTION |
| VERSUS | NO. 10-4354 |
| STEVEN G. HALLER, MARY ANN TABONY MEYERS, SUSAN ALICE TABONY BECNEL, LAWRENCE M. TABONY, JR. and FLASH GAS & OIL SOUTHWEST, INC. | SECTION "K"(3) |

## ORDER AND OPINION

Before the Court are defendant Steven G. Haller and Flash Gas & Oil Southwest, Inc.'s objections to plaintiff Sundown Energy L.P.'s trial exhibits. Having reviewed the pleadings, memoranda, and relevant law, the Court makes the following rulings with respect to the following exhibits:

1. Plaintiff's Exhibits No. 1, 2, 45, 46, 47, 49, 50, 53, 59, and 61: These documents address the ownership of Tracts 1 and 2. The issue of the ownership of those tracts is not before this Court. Nor has the Court been requested to determine a right of passage over Tract 1 or Tract 2. The only relevance of Tract 1 and Tract 2 to the issues pending in this suit are the topography of the tracts and their suitability to access the continuation of any road designated as the right of passage on the Haller Tract. Therefore, defendants' objections as to relevance of these exhibits are sustained.

2. Plaintiff's Exhibits No. 17, 50, 53, 18, 26, 62, 63, 12, and 55: Defendants' objections are sustained; the exhibits are not relevant to the issues before this Court.

3. Plaintiff's Exhibit No. 9: Defendants' objection is sustained. Defendants urge that a Draft Road Use Agreement is not relevant; the Court agrees. A proposed agreement concerning the use of

property that may have once been contemplated between the parties is not relevant to establish the actual use of the property. Thus, the Draft Road Use Agreement is not relevant evidence.

4. Plaintiff's Exhibit 28, 32, and 34: Defendants object to the relevance of these exhibits. Considering the Court's recent dismissal with prejudice of defendants' counterclaim alleging breach of contract, the challenged exhibits are not relevant to any pending claim. The objections are sustained.

5. Plaintiff's Exhibit 27: Defendants' objection is overruled; the evidence is relevant.

6. Plaintiff's Exhibit 128: As stated previously, the issue before this Court is where to place the right of way on the Haller Tract. These peripheral documents have no bearing on that issue. Therefore, defendants' objection to this exhibit is sustained.

7. Plaintiff's Exhibit 4: Defendants' objection is overruled; the Court will not be confused by this exhibit.

8. Plaintiff's Exhibit 54, 60, and 78: Defendants' objections are overruled. The parties can rest assured that the Court will not be misled by the terms "High Road" and "Flooded Road." The parties are advised that if high resolution images of the plats, maps, and surveys attached to Defendants Exhibits 54, 66, 67, 77, 84, and 91 are available the Court expects to be provided with the high resolution images. Additionally, if any exhibit does not provide a clear image, it will be stricken at trial.

9. Plaintiff's Exhibit 65: The Court overrules the objection in part and sustains it in part. Pages 1-6 of the exhibit are signed and are therefore admissible. However, any portion of the exhibit which is not signed is not admissible.

10. Plaintiff's Exhibits 75, 123, and 124: The Court overrules the objection; the Court will not be

confused.

11. Plaintiff's Exhibit 98: The objection is sustained in part and overruled in part. A person with personal knowledge of the area depicted in the photograph may testify concerning what the photograph depicts. The boundary drawn by counsel on the photograph must be redacted.

12. Plaintiff's Exhibit 115: The objection is sustained. Counsel did not specifically address which documents in this exhibit are relevant and which are not, and the Court declines to sift through hundreds of pages to determine which, if any of the documents are relevant. The Court is willing to hear argument concerning the admissibility of specific documents encompassed in this exhibit, but such argument must be extraordinarily truncated.

13. Plaintiff's Exhibits 30, 31, 34, 62, 63, 64, 66, 110, 111, 113, and 114: The Court defers ruling on defendants' objections at this time except as otherwise indicated. As a general proposition, in order to be qualify as an "opposing party's statement," the party attempting to admit the exhibit must show that the individual making the statement if not the opposing party was the opposing party's agent or employee. Fed. R. Evid. 801(d)(2). Plaintiff will have to lay a foundation that the declarants as well as Mr. Ryals, Mr. Mayor and Mr. Ciaccio are agent's or employees of Mr. Haller or Flash. There is no discussion in the briefing as to what constitutes one's agent. The Court will not allow these documents to be admitted unless they are statements made by Mr. Haller, such as Plaintiff's Exhibit 113 or statements by an agent or employee of Mr. Haller or Flash or in the event that plaintiff establishes that the statements are in fact opposing party statements pursuant to Federal Rule of Evidence 801(d)(2). With respect to Exhibits 30, 31, 34, and 113, the Court suggests that its prior request for a stipulation may facilitate the unburdening of the record as to these exhibits. Moreover, Mr. Haller and the others may be questioned on cross-examination as to their own

affidavit, declaration or deposition exhibit, and, if appropriate, some of the records may be used for impeachment purposes.

14. Plaintiff's Exhibit 18: Defendants' hearsay objection is overruled; the letter is admissible as a public record under Federal Rule of Evidence 803(8).

15. Plaintiff's Exhibit 55: Defendant's hearsay objection is sustained at this time. Considering the Comment to Federal Rule of Evidence 803(15), it is the Court's opinion that this exhibit is not the type of document referred to in Rule 803(15). Additionally, at this time the document does not satisfy the specific requirements necessary to qualify as a record of a regularly conducted activity under Federal Rule of Evidence 803(6). No records custodian has established that the document is a business record. The exhibit may be admitted at trial if an adequate foundation is laid as required by Rule 803(6) or by certification pursuant to Federal Rule of Evidence 902(11) or (12) or by a statute permitting certification.

16. Plaintiff's Exhibit 29: The Court defers ruling on defendants' objection as to the authenticity of this exhibit until trial. In the event Mr. McGuire authenticates the document, it may be admitted.

17. Plaintiff's Exhibit 103 and 104: The Court defers ruling on defendant's objection as to the authenticity of these exhibits until trial. The plaintiff may attempt to establish the authenticity of these exhibits at trial.

18. Plaintiff's Exhibits 105, 116, 121, 128, 129, 130, and 132: The Court sustains defendants' objections to these exhibits; the exhibits are prohibited omnibus listings.

New Orleans, Louisiana, this 1st day of March, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE