UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUNDOWN ENERGY, LP                                    CIVIL ACTION

VERSUS                                                NO. 10-4354

STEVEN G. HALLER, MARY ANN                            SECTION "K"(3)
TABONY MEYERS, SUSAN ALICE
TABONY BECNEL, LAWRENCE M.
TABONY, JR. and FLASH GAS & OIL
SOUTHWEST, INC.

## ORDER AND OPINION

Before the Court are plaintiff Sundown Energy, L.P.'s objections to defendant Steven G. Haller and Flash Gas & Oil Southwest, Inc.'s trial exhibits. Having reviewed the pleadings, memoranda, and relevant law, the Court makes the following rulings with respect to the following exhibits:

1. Defendants' Exhibits 11, 18, 34, 68, 80, 114, 116, 119, 120, 121, 122, 123, 124, 126, 128, 130, 131, 142, 145, 155, 156, 157, 159, 160, 161, 162, 163, 164, 166, 169, 170, 171- 173, 177- 179, 181 - 184, 187, 188, 190, 194, 203-205, 214, 215, 216, 220, 222, 231-235, 237-240

Plaintiff's objections to relevancy are overruled. Plaintiff did not specifically address its objections to each of these exhibits, and the omnibus objection is insufficient. Moreover, although it is the Court's task to place the road on the Haller Tract, in order to intelligently place the road at the least injurious location it is necessary to understand where the various routes proposed by the parties will progress toward the Sundown facility. The Court will not, and should not look at the fixing of the road on the Haller Tract in a vacuum

2. Defendants' Exhibits 29, 155, 156, 157, 159, 160, 161, 162, 163, 164, 166, 169, 170, 171-173,

177-179, 181-184, 187, 188, 190, 194, 203-205, 214, 215, 216, 220, 222, 231-235, 237-240, 242, 245, 247, 250, 251, 252, 323, 326, 327

Plaintiff's broad objection to the relevancy of these exhibits is overruled because of the lack of specific, individual discussion as to the exhibits and because the premise of plaintiff's legal analysis is flawed.  Clearly the Court has discretion, for example,  to determine whether the right of way goes through Mr. Haller's camp.  The case law does not support plaintiff's legal position that somehow injury to the estate is the sole concern in determining the placement of the right of way and that injury to the estate owner cannot be considered in placing the road.  Moreover, the injury to the estate and the owner thereof could be one and the same since the Court is not certain that the estate has any feelings about the matter on its own.

3. Defendants' Exhibit 15: Plaintiff's objection based on hearsay is overruled; the exhibit is a public record.  The Court also overrules plaintiff's objection as to relevance.

4.  Defendants' Exhibit 300, 303, and 304: These  exhibits may be admitted at trial if an adequate foundation is laid to establish that these exhibits are exceptions to the hearsay rule.

5.  Defendants' Exhibit 306: This exhibit is a property deed and therefore qualifies under Federal Rule of Evidence 803(14) as a record of a document affecting an interest in property.  Therefore, plaintiff's objection is overruled.

6.  Defendants' Exhibits 336 and 337: The Court sustains plaintiff's objections.

7. Defendants' Exhibit 338 and 39: Plaintiff objects to these exhibits contending that they qualify as hearsay and are therefore inadmissible.  Defendants do not address these objections in their "Memorandum Regarding Exhibits Disputed by Plaintiff in the Pre-Trial Order" (Doc. 171). Therefore, the objections are sustained.

8. Defendants' Exhibits No. 109, 113, 117, 118, 125, 127, 129, 133, 137, 138, 140, 141, 143, 144,

146, 147, and 148

     Plaintiff's authenticity objection to these documents is overruled; the exhibits qualify as public records.  With respect to plaintiff's relevancy objection to these documents, defendants did not enlighten the Court as to why the challenged exhibits are relevant.  In the event that defendants attempt to introduce any of these exhibits, the Court will permit the parties to argue the relevancy thereof with the understanding that any such argument will be concise and will not be argued exhibit by exhibit.

9.  Defendants Exhibits 8, 10, and 149: Plaintiff's objections are sustained, subject to defendants' right to attempt to authenticate the documents pursuant to Federal Rule of Evidence 901.  The Court overrules plaintiff's objections as to the relevance.

10.  Defendants' Exhibits 146, 147, 148 and 341: Plaintiff objects to the admission of these exhibits based on the fact that defendants produced these exhibits beyond the discovery deadline.  The Court overrules the objection; plaintiff has not identified any prejudice it sustained due to the tardy production of these exhibits.

11.  Defendants' Exhibits 242-245 and 247-252:  Plaintiff objects to the admission of these exhibits based on the fact that defendants produced these exhibits beyond the discovery deadline.  The Court sustains the objection.  These photographs were in Mr. Haller's possession and despite the fact that they could have been timely produced, defendants failed to do so.

12.  Defendants' Exhibits 241 and 253: Defendants failed to offer any reasoning as to why these

exhibits were not timely produced, the Court sustains plaintiff's objection to these exhibits.

New Orleans, Louisiana, this 1st day of March, 2012.

                                                               _____
                                                                     STANWOOD R. DUVAL, JR.
                                                              UNITED STATES DISTRICT JUDGE