UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUNDOWN ENERGY, L.P. | CIVIL ACTION |
| VERSUS | NO. 10-4354 |
| STEVEN G. HALLER, ET AL. | SECTION "K" (3) |

REPORT AND RECOMMENDATION

On August 21, 2012, this Court held a live verbal *in globo* auction of Tracts 1 and 2, the two land tracts at issue in this lawsuit. The Court held the auction pursuant to the terms of the settlement agreement of the parties, read into the record before the District Court on March 5, 2012. At the end of the auction, defendant Steven G. Haller offered the highest price for both tracts of land. The highest bid amount to purchase the tracts was $1.5 million.

The only dispute that remains is the proper disbursement of the proceeds from the monies Haller offered to purchase the tracts. The District Court referred this issue to the undersigned to resolve at the auction. [Doc. #200 at p. 3].

Haller argues that the proceeds should be disbursed according to the parties respective ownership interests in the two tracts. Haller suggests that the proceeds of the auction be disbursed as provided in Louisiana Civil Code article 811for auctions held in connection with a partition by licitation, *i.e.*, "the proceeds shall be distributed to the co-owners in proportion to their shares." It is undisputed that Haller owns 57.7% of the combined tracts, and that Perry Point, Inc., a wholly-

owned subsidiary of plaintiff Sundown Energy, L.P. ("Sundown"), owns 42.3% of the combined tracts.

Sundown argues that the proceeds should be distributed much differently. Sundown contends that the parties agreed that the winning bidder would pay the entire "bid price" to purchase the losing bidder's ownership interest in both tracts.

In its Order and Opinion date April 24, 2012, the District Court stated that "[t]his Court prefers that the auction be conducted as proposed by Haller if there is no dispute as to the ownership interest of the various parties." [Doc. #200 at p. 3]. This Court agrees and finds that the proceeds of the auction shall be distributed according to the respective ownership interests of the parties in the two tracts. The percentages of ownership interests in the two tracts is undisputed,[1] and the Court finds that distribution of the proceeds to the parties in such a manner is the only equitable and just manner to conclude this matter. Were the Court to hold otherwise – and order distribution through the manner suggested by Sundown – the Court would be altering Haller's substantive property rights by effectively pretending that he never had an ownership interest in the two tracts at all. That is not the case. Haller owns 57.7% of the combined tracts. Were a third party to have purchased the two tracts, Haller would be entitled to 57.7% of the sale amount. That percentage of ownership does not change simply because the only two bidders at the auction for the property were the parties to this lawsuit.[2]

---

[1] In its memoranda submitted to the Court before the auction, Sundown argues that the ownership interests are disputed because Haller had earlier argued before the District Court that he owned more of Tract 1 through acquisitive prescription. Haller, however, agreed to dismiss such a claim as part of the settlement agreement, and that claim thus casts no doubt on the ownership interests.

[2] Sundown also asked the Court to auction the properties separately were the Court to distribute the proceeds pursuant to Haller's suggestion. The Court finds that auctioning

Accordingly,

**IT IS RECOMMENDED** that the auction proceeds in the amount of $1.5 million be distributed to the co-owners of the tracts in proportion to their ownership interests. Defendant Haller shall thus retain $865,000.00 of the $1.5 million, and plaintiff Sundown shall receive the remaining $634,500.00. The parties shall further comply with the remaining terms of the settlement agreement.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 7th day of September, 2012.

                                                            **DANIEL E. KNOWLES, III**
                                                            **UNITED STATES MAGISTRATE JUDGE**

---

the properties separately would have been a direct violation of the settlement agreement, which required an *in globo* auction of both tracts.