UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUNDOWN ENERGY, LP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4354** |
| **STEVEN G. HALLER, MARY ANN TABONY MEYERS, SUSAN ALICE TABONY BECNEL, LAWRENCE M. TABONY, JR. and FLASH GAS & OIL SOUTHWEST, INC.** | **SECTION "K"(3)** |

## ORDER AND OPINION

Before the Court are the "Objections to the Magistrate's Report and Recommendation" filed on behalf of plaintiff Sundown Energy LP ("Sundown") (Doc. 218). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, overrules Sundown's objections and adopts the Magistrate Judge's Report and Recommendation (Doc. 216).

Background

The Order and Opinion denying the "Motion for Partial Summary Judgment" filed on behalf of defendant Steven Haller and the "Motion in Limine" filed on behalf of plaintiff Sundown (Doc. 158) sets forth the general background of this suit. The following additional background is necessary for consideration of Sundown's objections to the Magistrate Judge's Report and Recommendation. On the day scheduled for the trial in this matter to commence, the parties advised the Court that they had reached a settlement of all claims herein as well as those related state court suit entitled *Perry Point Inc. v. Steven G. Haller*, No. 58-976, then pending in the 25th Judicial District Court for the Parish of Placquemines. The parties placed the general terms of the settlement on the record and filed into the record a plat of the agreed upon right-of-way to be granted to

Sundown by Haller. The parties requested that the Court retain jurisdiction to adjudicate any disputes that arose from the enforcement of the agreement or the interpretation of the actual settlement documents. The Court agreed to do so. Doc. 192, p. 11. In the course of drafting the actual settlement documents, a number of disputes arose. The parties filed cross motions to enforce the settlement to obtain a resolution of those disputes[1] which included, among other disputes a disagreement concerning how to disburse the proceeds of the property auction mandated by the settlement agreement. Thereafter the Court resolved the various disputes. With respect to the disbursement of the auction proceeds, the Court stated:

> [Magistrate Judge Daniel E. Knowles, III] shall have discretion to conduct the auction and divide the proceeds as proposed by either Sundown or Haller. Sundown proposes that the proceeds of the auction shall be paid to the low bidder to purchase that party's interest in the disputed property. Haller, on the other hand, suggests that the proceeds of the auction be disbursed as provided in Civil Code article 811 for auctions held in connection with a partition by licitation, i.e., "the proceeds shall be distributed to the co-owners in proportion to their shares."
>
> Haller represents that "[d]efining the percentage of ownership that each part has is a very simple calculation that could be done from Sundown's own documents detailing ownership in the Bohemia Spillway, and confirmed by recorded public documents." Doc. 199, p. 5-6. This Court prefers that the auction be conducted as proposed by Haller if there is no dispute as to the ownership interests of the various parties. However, if the parties in good faith are unable to agree upon their respective ownership interests, then the auction proceeds shall be allocated as proposed by Sundown.

Doc. 200, p. 3. Thereafter, Magistrate Judge Knowles conducted the auction at which Steven Haller offered the highest bid. In his Report and Recommendation issued after the auction, Magistrate

---

[1] Although a number of disputes arose with respect to the settlement agreement, the parties conceded and the Court concluded that the settlement, as stated on the record, constituted a valid settlement agreement under Louisiana law.

Judge Knowles opined, with respect to the distribution of the auction proceeds that "[t]he percentages of ownership interest in the two tracts is undisputed." Doc. 216, p. 3. Magistrate Judge Knowles also opined that "the proceeds of the auction shall be distributed according to the respective ownership interest of the parties in the two tracts." The Report and Recommendation further stated that

> [T]he auction proceeds in the amount of $1.5 million be distributed to the co-owners of the tracts in proportion to their ownership interests. Defendant Haller shall thus retain $865,000.00 of the $1.5 million, and plaintiff Sundown shall receiver the remaining $634,500.00. The parties shall further comply with the remaining terms of the settlement agreement.

Id.

Sundown objected to the Report and Recommendation on the following grounds:

1. Magistrate Judge Knowles lacked judicial authority to rewrite the Private Settlement;
2. The Magistrate Judge did not the hold "the auction pursuant to the terms of the settlement agreement of the parties, read into the record before the District Court on March 5, 2012," because the agreement requires that "the high bidder [pay] its bid price to purchase the other's interest in both tracts"; and
3. The Magistrate Judge had discretion to divide the proceeds as proposed by Mr. Haller only if the ownership interests were undisputed, and because there was a dispute as to the ownership interests as to Tract 1, the Magistrate Judge lacked discretion to divide the proceeds as proposed by Mr. Haller.

Alternatively, Sundown urged that the two tracts of land should have been auctioned separately if Magistrate Judge accepted Mr. Haller's proposal with respect to disbursement of the auction proceeds.

## Law and Analysis

At the time that the Court directed that Magistrate Judge Knowles should conduct the

auction, no party objected to the Magistrate Judge conducting the auction.  Review of the record reveals that Sundown at no time prior to the filing of these objections, objected to *this* Court concerning either the Court's decision to have the Magistrate Judge conduct the auction or the grant of discretion to the Magistrate Judge concerning the disbursement of the auction proceeds to the Magistrate Judge.  Nor did Sundown at any time seek clarification from *this* Court regarding the Magistrate Judge's authority to handle those matters.

No extensive analysis of Sundown's objection to the authority of the Magistrate Judge is necessary.  At the time the parties recorded the terms of the settlement agreement into the record, the parties requested the Court "to enforce any problems that come down the road . . . if there were any problems" and also noted "as a point of clarification, the enforceability issue that Your Honor is going to maintain jurisdiction over would also include interpretation of any of the associated settlement documents.  So if we get stuck on a term, we would ask Your Honor to help us resolve that issue."  Doc. 192, p. 3-4.  The Court agreed to "take up the mantle of attempting to adjudicate any dispute that arises from the enforcement of this agreement" and to retain jurisdiction.  Thus, as authorized by the parties and at the parties' request, the Court assumed a position that was tantamount to the position of arbitrator and filled in the gaps of the settlement.  In that capacity, as detailed above, the Court addressed a number of issues between Sundown and Mr. Haller, including how to disburse the proceeds of the auction and enlisted the assistance of Magistrate Judge Knowles.

Although the settlement agreement provides that "the high bidder [pay] its bid price to purchase the other's interest in both tracts," the Court does not construe that language to dictate how the proceeds of the auction should be disbursed, and no other language in the settlement agreement

4

addresses how the proceeds of the auction should be disbursed. Although the Court's Order and Opinion stated that the Magistrate Judge would have "discretion to . . . divide the [auction] proceeds as proposed by either Sundown or Haller[,]" the Order and Opinion clearly instructed the Magistrate Judge concerning the Court's preferred method of distribution if there was no good faith disagreement concerning the ownership interests of the parties "if the parties in good faith are unable to agree upon their respective ownership interests, then the auction proceeds shall be allocated as proposed by Sundown." Doc. 200, p. 3. After concluding that there was no dispute concerning the parties' ownership interests, the Magistrate Judge applied this Court's preferred method of disbursing the auction proceeds. Thus, the Magistrate Judge did not rewrite the settlement agreement, did not conduct the auction in a manner contrary to the settlement, and made no independent determination regarding the disbursement method. Rather, he simply made a factual determination regarding whether there was a dispute in ownership interests and then applied the appropriate method of disbursement based on this Court's prior instructions.

Moreover, it is well established that "the reviewability of a magistrate judge's actions is a critical factor in considering the propriety of an Article III judge's delegation of authority to a magistrate judge." *United States v. Dees*, 125 F.3d 261, 268 (5th Cir. 1997). Sundown's filing of objections to Magistrate Judge Knowles's Report and Recommendation has invoked Article III review of the Magistrate Judge's decision.

Sundown objects to the Magistrate Judge's finding that there was no dispute between the parties concerning their ownership interests in Tract 1 and Tract 2, urging that the Magistrate Judge should have based his determination on the position of the parties at the time of the settlement. The Court disagrees. This Court clearly intended that the relevant time period for determining whether

a dispute in ownership of the tracts existed would be the time of the auction. Had the Court thought that the time of settlement was the appropriate time for determining whether there was a dispute concerning the parties' ownership interests, the Court would not have given the Magistrate Judge any discretion in handling the disbursement of the proceeds, as such discretion would have been unnecessary. Furthermore, nothing in plaintiff's objections to the Magistrate Judge's Report and Recommendation persuades the Court that the Magistrate Judge erred in finding that at the time of the auction there was no dispute concerning the ownership interests of the parties. At the time Haller withdrew its objection, Sundown did not dispute the amount of its claimed ownership interest. Accordingly, the Court overrules Sundown's objections to Magistrate Judge Knowles's Report and Recommendation (Doc. 216), and orders the proceeds of the auction disbursed as set forth in that Report and Recommendation.

    New Orleans, Louisiana, this 11th day of March, 2013.

                              STANWOOD R. DUVAL, JR.
                              UNITED STATES DISTRICT JUDGE