UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUNDOWN ENERGY, L.P.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4354** |
| **STEVEN G. HALLER, MARY ANN TABONY MEYERS, SUSAN ALICE TABONY BECNEL, LAWRENCE M. TABONY , JR, AND FLASH GAS & OIL SOUTHWEST, INC.** | **SECTION "K"(2)** |

**ORDER AND OPINION**

Before the Court is the "Motion to Enforce Settlement" filed on behalf of defendants Steven G. Haller and Flash Gas & Oil Southwest, Inc. (Doc. 236). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the "Motion to Enforce."

The Court has previously set forth the background of this case in the Order and Opinion denying the "Motion for Partial Summary Judgment" filed on behalf defendants Steven G. Haller and Flash Gas & Oil Southwest, Inc. and the "Motion in Limine" filed on behalf of plaintiff Sundown Energy, LP ("Sundown")  (Doc. 158), in the Order and Opinion granting in part and denying in part the "Cross Motion to Enforce Settlement" filed on behalf of Sundown and the "Motion to Enforce Settlement" filed on behalf of defendants (Doc. 200), and in the Order and Opinion denying the "Motion to Stay Pending Appeal"  filed on behalf of Sundown. Therefore, the background facts will not be repeated here except to the extent that they are relevant to the determination of this motion.

On March 5, 2012,  the day the trial of this matter was scheduled to commence, the parties

reached a settlement of the claims in this suit as well as the claim in a related state court suit. The parties placed the general terms of the settlement agreement on the record. The settlement agreement placed on the record provided that "[w]ithin 30 days of executing the documents, we would –the parties would bid against each other in a mandatory buy/sell to purchase the other's co-ownership interest in Tracts 1 and 2 with the high bidder paying its bid price to purchase the other's interest in both tracts." Doc. 192, p. 9. The parties requested, and the Court agreed, to retain jurisdiction to adjudicate any disputes arising from the enforcement of the agreement or the interpretation of the agreement. In the course of drafting the actual settlement documents, a number of disputes arose concerning:

- how to disburse the proceeds of the auction;
- the location and duration of the right of way given by Haller to Sundown;
- Sundown's right to use the dock after completion of the permanent road in the event that Mr. Haller prevailed in the auction for Tracts 1 and 2;
- issues related to the recreational lease granted by Sundown to Mr. Haller;
- issues related to permits to construct the right-of-way;
- the timing and payment for construction costs for the permanent road; and
- the Bohemia Communication Tower lease.

The Court resolved those disputed issues in an Order and Opinion entered April 24, 2012 (Doc. 200). Thereafter, Magistrate Judge Knowles conducted the auction for Tracts 1 and 2. Mr. Haller submitted the highest bid for the property, i.e., $1,500,000.00. Following the auction, Magistrate Judge Knowles recommended, based on his conclusion that there was no dispute as to the ownership interests of the parties, that the auction proceeds be distributed to the co-owners in proportion to their respective interest in the property (Doc. 216). Sundown filed objections to Magistrate Judge Knowles's Report and Recommendation, including:

> 2. The Magistrate Judge did not hold "the auction pursuant to the

>terms of the settlement agreement of the parties read into the record before the District Court on March 5, 2012," because the agreement requires that "the high bidder [pay] its bid price to purchase the other's interest in both tracts"; and
>
>3. The Magistrate Judge had discretion to divide the proceeds as proposed by Mr. Haller only if the ownership interest were undisputed, and because there was a dispute as to the ownership interests as to Tract 1, the Magistrate Judge lacked discretion to divide the proceeds as proposed by Mr. Haller.

Doc. 218, p.2. This Court overruled Sundown's objections to the Report and Recommendation and ordered that the proceeds of the auction be disbursed as set forth in the Report and Recommendation, i.e., distributed to the co-owners of the tracts in proportion to their ownership interests. Doc. 227. The Court entered judgment that "the proceeds of the August 21, 2012 auction in the amount of $1,500,000.00 be disbursed to the co-owners of the tracts in proportion to their ownership interests. Defendant Steven G. Haller shall retain $865,000.00 of the $1,500.000.00. and plaintiff Sundown Energy, LP shall receive the remaining $634,500.00." Doc. 228. The Court further ordered "that the parties shall comply with the remaining terms of the settlement agreement entered into on March 5, 2012." Id.

Following the entry of the Court's judgment, Mr. Haller scheduled a closing for the transfer of the ownership of Tract 1 and Tract 2. Sundown failed to appear for the closing. Subsequently Sundown appealed the Court's March 11, 2013 judgment, as well as the Court's adoption of the Magistrate Judge's Report and Recommendation, and the Order and Opinion entered April 24, 2013, granting in part and denying in part plaintiff's "Cross Motion to Enforce Settlement" and defendants' "Motion to Enforce Settlement."

Thereafter Sundown filed a "Motion to Stay Pending Appeal which the Court denied concluding that because the judgment on appeal was not a money judgment, Rule 62(d) of the Federal Rules of Civil Procedure was not applicable. After analyzing the four-factor test set forth

in *Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113. 95 L.Ed.2d 724 (1987), the Court denied plaintiff a discretionary stay of the judgment as well. However, to ensure that Sundown was not irreparably harmed as a result of the failure to grant the requested stay, the Court ordered defendant Steven G. Haller to file into the record, not later than July 1, 2013, a stipulation that he will not sell or encumber any interest in Tract 1 or Tract 2 while the appeal of the judgment entered March 11, 2013 remains pending before the United States Court of Appeals for the Fifth Circuit.

Having denied Sundown's request for a stay and having taken steps to ensure that Sundown is protected from possible irreparable injury due to the denial of the stay, the Court concludes that defendants Steven G. Haller and Flash Gas & Oil Southwest, Inc. are entitled to enforce the Court's March 11, 2013 judgment setting forth the method for distributing the proceeds of the auction of Tract 1 and 2 and ordering compliance with the terms of the parties' March 5, 2012 settlement agreement, including the transfer of the title for Tract 1 and Tract 2 to Steven G. Haller. The transfer of the title to Tract 1 and 2 to Steven G. Haller and the distribution of the proceeds of the auction in accordance with the March 11, 2013 judgment shall be completed not later than July 8, 2013.

New Orleans, Louisiana, this   24th day of June, 2013.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE